UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:19-CR-10108-WGY |
| | ) | |
| | ) | |
| ERIC TRAN THAI | ) | |

MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE

Defendant Eric Thai, through counsel, respectfully moves that this Court modify the conditions of his pretrial release to by removing the condition that he be prevented from accessing the internet or possessing a computer or other internet capable device in his home. This condition was added by this Court on April 9, 2019 to the conditions previously set by the Magistrate Judge. *See* Docket Entry 8, 31.1   As reason for this request, Mr. Thai submits that his alleged offense conduct, as described by the government at prior court hearings and in its initial discovery disclosure, did not involve use of the internet.  There is also no information before this Court that Mr. Thai has any personal history of misusing the internet.

Mr. Thai is charged with violating 18 U.S.C. § 2251(a), sexual exploitation of children and attempt, on or about May 2, May 3, September 15, September 29, and November 6, 2017.  The allegations are that Mr. Thai surreptitiously photographed and or created video recordings of male students, without their knowledge or consent, inside a

---

1 Mr. Thai has removed all computers and internet capable devices from his home at the direction of the United States Probation Department.

1

restroom at Boston Latin High School on the dates cited. These photographs and recordings were created using sophisticated camera equipment designed to be easily hidden from view. Pursuant to a search warrant, law enforcement officials removed all such devices and related equipment from Mr. Thai's home on March 1, 2018. *See* Docket Entry 4 (Affidavit).

When Mr. Thai was released on conditions by the Magistrate Judge on March 11, 2019, the government did not request and the Court did not impose any condition banning him from either using the internet or possessing any computer or other internet capable device. *See* Docket Entry 8. What the government did ask for was a condition that required Mr. Thai "not to possess any device whose sole purpose is video recording." *Id.* He was also ordered to turn over any such device in his possession to the United States Probation Department. *Id.* This condition was not objected to by defense counsel for Mr. Thai as it is clearly related to the allegations brought by the government.

The First Circuit Court of Appeals has definitively vacated broad bans on internet and computer use in cases where such conditions had no relation whatsoever to the personal histories of the defendants involved or to the conduct for which they were convicted. *See United States v. Ramos*, 763 F.3d 45 (1st Cir. 2014); *United States v. Perazza-Mercado*, 553 F.3d 65 (1st Cir. 2009). The *Ramos* decision is particularly instructive as the defendant in that case was convicted of aiding and abetting the production of child pornography. *See* 18 U.S.C. § 2251(a); 18 U.S.C. § 2. As a part of his sentence, the Court imposed a condition banning him from possessing or using a computer, cell phone, or other device that could access the internet without prior approval of the United States Probation Department and or the Court. *Ramos*, 763 F.3d at 59. The First Circuit vacated the computer and internet

access condition stating that it was unduly restrictive and was not reasonably related to the defendant's characteristics and history or to his offense conduct. *Id*. at 61.

In Mr. Thai's case, the government has produced no evidence and or made no representations in Court to date that he utilized the internet as a part of the alleged offense conduct. Neither has any information been produced to the Court that he has a documented personal history of using the internet for impermissible purposes. Moreover, the government has never sought a ban on use of computers, the internet, or any internet capable devices as conditions of Mr. Thai's release. The *Ramos* and *Perazza-Mercado* decisions clearly convey the First Circuit's advice that District Courts should avoid imposing overly restrictive internet access or computer possession conditions as part of supervised release where the evidence does not warrant it. It would strain credulity to assume that the same reasoning would not be equally applicable in a pretrial release situation where the defendant is cloaked in the presumption of innocence.

The *Ramos* decision also pointed out another error in the District Court's rationale for imposing a condition banning computer use and internet access by citing to the following statement from the sentencing judge:

> "It's that when you commit this kind of offense and the offense involves minors, usually reasonable people think that there may be a connection between that kind of conduct and the use of the internet for other purposes which are also sexually oriented or in that sense relate to the type of offense. And that's why those conditions are in there."

*Ramos*, 763 F.3d 59. This explanation from the Court was viewed by the First Circuit as the Court "positing its personal belief that there may be a link between Ramos's crime and the *potential* for using a computer or the internet for child pornography offenses". *Id*. (Emphasis

added).

In the absence of any evidence that the internet or a computer had any relation to the offense conduct, the First Circuit warns that banning a defendant from access to these things to avoid the potential for misuse is improper and states that simply because "an offense is sometimes committed with the help of a computer does not mean that the district court can restrict the Internet access of anyone convicted of that offense." *Ramos* 763 F.3d 61-62 (*quoting United States v. Burroughs*, 613 F.3d 233, 243, 392 U.S. App. D.C. 68 (D.C. Cir. 2010)); *cf. United States v. Peterson*, 248 F.3d 79, 83 (2d Cir. 2001) ("Although a defendant might use the telephone to commit fraud, this would not justify a condition of probation that includes an absolute bar on the use of telephones.").

Wherefore, Mr. Thai respectfully requests that this Honorable Court modify his conditions of pretrial release by allowing him to access the internet and possess computers and other internet capable devices.

        Respectfully submitted,
        ERIC TRAN THAI
        By his attorney

        */s/ Oscar Cruz, Jr.*
        Oscar Cruz, Jr.
         B.B.O. #630813
        Federal Defender Office
        51 Sleeper Street, 5th Floor
        Boston, MA  02210
        Tel: 617-223-8061

May 21, 2019

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 21, 2019.

              */s/ Oscar Cruz*
              Oscar Cruz, Esq.